**BACK DOOR RECORDS, a Proprietorship of Edwin Matthews; Sandra E. Gabrion and Keller Matthews, Plaintiffs,**

v.

**CITY OF JACKSONVILLE; James G. Reid, Mayor of the City of Jacksonville; Emma Knight; Lee Lawson; Ron Brooks; Steve Hughes; Larry Wilson; Martha Boyd; Gary Fletcher; Mike Abdin; Phil Keaton; Joe Williamson, Individually and as Members of the Jacksonville City Council; John Shephard, Chief of Police for the City of Jacksonville; Paul D. Groce, City Attorney for the City of Jacksonville, Defendants.**

No. LR C 80 314.

United States District Court, E. D. Arkansas, W. D.

Jan. 8, 1981.

A. Wayne Davis, Little Rock, Ark., for plaintiffs.

Paul D. Groce, Jacksonville, Ark., for defendants.

MEMORANDUM ORDER

OVERTON, District Judge.

The case at bar challenges the constitutional validity of an effort by the City of Jacksonville and the Federal Drug Enforcement Administration to deal with the serious problem of drug abuse by prohibiting the sale of items which are commonly associated with the use of illegal drugs. The DEA is mentioned in this connection because the Jacksonville ordinance is an almost verbatim copy of the Model Drug Paraphernalia Act drafted by the Drug Enforcement Administration of the Department of Justice.

Plaintiffs' complaint challenges the ordinance on a number of constitutional grounds. Plaintiffs' claim, seeking both declaratory and injunctive relief, is founded on 42 U.S.C. § 1983 and 28 U.S.C. § 2201, with the Court's jurisdiction invoked under 28 U.S.C. § 1331.

On July 18, 1980, the Court conducted a hearing on plaintiffs' application for a preliminary injunction restraining the prospective enforcement of the City of Jacksonville's Ordinance No. 594 prohibiting the sale of drug paraphernalia. At the conclusion of that hearing, which the parties agreed would also serve as the hearing on the merits, the Court concluded that sufficiently serious constitutional questions were raised by the ordinance to make it fair ground for litigation and that enforcement of the law presented a balance of hardships tipping decidedly in favor of the plaintiffs. The Court stated on the record that the preliminary injunction would be granted and that an order prohibiting enforcement for the time being would be entered shortly. Through an oversight, however, no such order was actually entered. The defendants have, however, shown deference to the Court by not enforcing the drug paraphernalia ordinance despite the lack of a formally entered preliminary injunction. The Court also indicated at the end of the hearing that it would await a decision by the

United States Court of Appeals for the Sixth Circuit in a suit challenging an almost identical ordinance enacted by the City of Parma, Ohio, before making a final decision in the instant case. The Sixth Circuit has now spoken. *Record Revolution No. 6, Inc. v. City of Parma*, 638 F.2d 916 (1980), holds the ordinance in question to be unconstitutionally vague and overbroad. Now ready for decision is the question whether this Court should follow the Sixth Circuit's decision and permanently enjoin enforcement of the drug paraphernalia ordinance.

The challenge presented here is essentially one of facial invalidity, and the facts necessary for decision are undisputed. The ordinance in question was enacted by the Jacksonville City Council on June 19, 1980, and is based on the Model Drug Paraphernalia Act drafted by the DEA. Plaintiffs are a proprietorship, its owners and an employee involved in the sale of goods which would likely be prohibited by the ordinance. They have been threatened with prosecution under the ordinance.

The Court finds that the comity doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny is inapplicable to the instant case since there is not a pending state court proceeding which would be interrupted by this Court's resolution of the merits of the case. Moreover, abstention is inappropriate because an acceptable limiting construction of the ordinance by the state courts seems unlikely, if not impossible.

The Court does not feel constrained to review all the cited cases involving challenges to various drug paraphernalia laws; all of them have been of some help in reaching this decision. The pre-eminent authority at this time appears to be the very recent opinion of the Court of Appeals for the Sixth Circuit in *Record Revolution v. City of Parma, supra.* Also particularly helpful is the thoughtful opinion of District Judge Copenhaver in *Smith, et al. v. Roark, et al.*, (No. 80–2110, S.D.W.Va. May 13, 1980). It is the exhaustive and scholarly opinion by Judge Jones, speaking for a unanimous Sixth Circuit panel, which this Court finds controlling.

The evils of vague laws have been discussed at length by the Supreme Court on numerous occasions.

Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on a *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. *Grayned v. City of Rockford*, 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222 (1972).

See also, *Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939); *Papachristou v. City of Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110 (1972); *Winters v. New York*, 333 U.S. 507, 515, 68 S.Ct. 665, 670, 92 L.Ed. 840 (1948); *Smith v. Goguen*, 415 U.S. 566, 572, 94 S.Ct. 1242, 1246, 39 L.Ed.2d 605 (1974).

As indicated by the Sixth Circuit in *City of Parma*, the vagueness problem in the Model Drug Paraphernalia Act lies in its definition of drug paraphernalia, the very heart of the ordinance. Problems arise with the definition of prohibited items to include "all equipment, products, and materials of any kind which are used, intended for use, or designed for use" in connection with a number of processes associated with illegal drugs. Thus the definition of what is prohibited turns on the state of mind of some person with respect to the object in question. The Sixth Circuit in *City of Parma* found that while the terms "used" and "intended for use" are neither vague nor overly broad, inclusion of the terms "designed for use" did import unconstitutional

vagueness and overbreadth into the statute. The problem, of course, arises because the language of the definition would prohibit a myriad of ordinarily innocent and protected products provided that the element of intent was satisfied. As the Court of Appeals notes,

> The term "designed" could signify only devices that have no function other than as a means to ingest a controlled substance. Alternatively, "designed" could include any devices that have a legitimate function but could be used for ingestion of drugs. That is, the term "designed" could sweep into the definition of paraphernalia any device that could be altered from its normal function to become a makeshift drug device, such as a paperclip, tie bar, hand mirror, spoon, or piece of aluminum foil. The definition "designed for drug use" gives no hint to those attempting to comply with [the statute] what is included in the definition. The definition fails to make clear what items are included in the statutory prohibition and what items are not.

*City of Parma*, at 930, quoting *Indiana Chapter, NORML, Inc. v. Sendak*, No. 80-1305 (7th Cir., July 22, 1980).

The vagueness which permeates this statute inevitably encourages arbitrary and discriminatory law enforcement. In the instant case Officer Jim Lewis testified to the effect that he could not definitively classify certain of plaintiffs' exhibits as paraphernalia or not outside of a specified geographic or physical context. In other words, some items might be illegal in his view if sold at plaintiffs' shop but not so if sold at Safeway or Kroger. Such selective or discriminatory enforcement is contrary to notions of fundamental fairness embodied in the Due Process Clause of the Fourteenth Amendment. "Because the [ordinance] would permit at least the arrest and prosecution of persons by police and prosecutors who claim to know drug paraphernalia when they see it, but cannot define it anymore precisely in advance, the definition of drug paraphernalia is vague and overbroad." *Record Revolution v. City of Parma*, at 931.

Based on the decision of the United States Court of Appeals in *Record Revolution v. City of Parma*, the Court finds that Jacksonville City Ordinance No. 594 is unconstitutional on grounds of vagueness and overbreadth. It is, therefore, ordered that each defendant and all those acting in concert or combination with them are hereby permanently enjoined from enforcing in any manner Jacksonville City Ordinance No. 594.